IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KENNETH WESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-0055-CV-W-SOW |
| ) | |
| OCE BUSINESS SERVICES, INC., ) | |
| f/k/a ARCHER MANAGEMENT ) | |
| SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is plaintiff Kenneth Wesley's ("Wesley") Motion to Remand (Doc. # 6). The motion is fully briefed. For the reasons set forth below, Wesley's motion is granted.

### I.    Background

Wesley, a former employee of Oce Business Services, Inc. ("Oce"), originally filed this lawsuit against his employer and a former Oce manager, Martin Franczak ("Franczak"), in the Circuit Court of Jackson County, Missouri, at Kansas City, on December 4, 2004. Wesley's Petition alleges discrimination and retaliation in violation of the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, *et seq*. Wesley is a citizen of Missouri. Oce is a Delaware corporation. Franczak is a citizen of Missouri. Thus, on the face of Wesley's Petition, there is no diversity of citizenship.

Oce and Franczak removed this case on January 19, 2005. Defendants' removal was premised on the theory that Franczak had been fraudulently joined to defeat diversity jurisdiction. On January 23, 2005, Wesley filed his Motion to Remand.

### II.    Discussion

Defendants argue that Franczak, who terminated Wesley in July of 2003, was fraudulently joined because the MHRA does not subject individuals to liability.[1]

"A plaintiff cannot defeat diversity jurisdiction by collusive or fraudulent joinder of a resident defendant." Hill v. Ford Motor Company, 324 F. Supp. 2d 1028, 1031 (E.D. Mo. 2004). Defendants have the burden of proving the alleged fraud. Id.

In Filla v. Norfolk Southern Railway Co., 336 F.3d 806 (8th Cir. 2003), the Eighth Circuit articulated the fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent . . . . However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joiner.

Id. at 810 (citations and footnote omitted). This Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811. In conducting this inquiry, this Court "should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but this Court "has no responsibility to *definitively* settle the ambiguous question of state law." Id. (citation omitted). Finally, "in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for state courts to decide.'" Id. (quoting Iowa Public Servce Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)).

---

[1] According to the MHRA, "'Employer' includes the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state, and any person directly acting in the interest of an employer, but does not include corporations and associations owned and operated by religious or sectarian groups." Mo. Rev. Stat. § 213.010(7).

The Missouri Supreme Court has not addressed the issue of individual liability under the MHRA. Defendants contend that Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377 (8th Cir. 1995) is controlling on this issue. In Lenhardt, the Eighth Circuit predicted that after examining analogous federal civil rights statutes (such as Title VII), the Missouri Supreme Court "would hold that the definition of the term employer in the MHRA does not subject employees, including supervisors or managers, to individual liability." Id. at 381. Leinhardt, however, is merely a prediction, and it has not been followed by Missouri state courts. *See* Clay v. JS & RB, Inc., No. 04-CV-202443 (Cir. Ct. of Jackson County, Mo. April 22, 2004); Klein v. Partners Financial Services, No. 03CC-4871 (Cir. Ct. of St. Louis County, Mo. Feb. 2, 2004); *but see* Turner v. Healthcare Services Group, Inc., No. 042-01266 (Cir. Ct. of City of St. Louis, Mo. Sept. 8, 2004).

Recent federal court decisions regarding interpretation and application of the MHRA have questioned the continued application of Lenhardt. In Shortey v. U.S. Bank et al., No. 03-0530-CV-W-SWH (W.D. Mo. Dec. 5, 2003), United States Magistrate Judge Sarah W. Hays concluded that there was a reasonable basis for predicting that the MHRA might impose individual liability against a management employee. Id. at 5. In reaching this conclusion, Judge Hays first analyzed the text of the MHRA and found that the "plain language of the statute itself provides for individual liability." Id.; *see also* Fortner v. City of Archie, Missouri, 70 F. Supp. 2d 1028, 1031 (W.D. Mo. 1999) (Lenhardt decision in direct contradiction with plain language of the MHRA). Judge Hays then focused on the Eighth Circuit's decision in Darby v. Bratch, 287 F.3d 673 (8th Cir. 2002). In Darby, the Eighth Circuit held that the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, imposes individual liability on supervisors. Id. at 681. The FMLA defines "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). The Eighth Circuit held "[i]f an individual meets

the definition of employer as defined by the FMLA, then that person should be subject to liability in his individual capacity." Darby, 287 F.3d at 681. In light of Darby, Judge Hays reasoned "[b]ecause the definition of 'employer' in the FMLA is closer to the definition of 'employer' in the MHRA than the definition of 'employer' under Title VII, the Darby decision casts doubt on the Eighth Circuit's prediction in Lenhardt." Shortey, No. 03-0530-CV-W-SWH at 6. Judge Hays concluded "it is reasonable to argue that if the Missouri Supreme Court would construe the MHRA in a manner consistent with analogous federal decisions, the Court may choose to follow the reasoning of the Darby decision rather than Lenhardt's analysis." Id. at 6-7.

Subsequent to the Shortey decision, the Honorable Stephen N. Limbaugh, Senior United States District Judge, and the Honorable Ortrie D. Smith, United States District Judge, concurred in separate decisions with the analysis set forth by Judge Hays. Hill v. Ford Motor Co., 324 F. Supp. 2d 1028 (E.D. Mo. 2004); Garrett v. Ball Metal Beverage Container Corp., No. 05-0068-CV-W-ODS (W.D. Mo. Feb. 24, 2005). In light of Darby, both judges questioned the continued application of Lenhardt and concluded that a reasonable basis existed for predicting that the Missouri Supreme Court might impose liability on an individual under the MHRA. Id. at 2-4; Hill, 324 F. Supp. 2d at 1032-1034.

Having reviewed these cases and the relevant statute, this Court joins in the decisions of Judges Hays, Limbaugh, and Smith. In light of Darby, this Court concludes that there is a reasonable basis for predicting that the Missouri Supreme Court might impose liability on an individual under the MHRA. Defendants, therefore, have not met their burden of establishing that Franczak was fraudulently joined. Accordingly, this case must be remanded because this Court lacks subject matter jurisdiction.

### III. Conclusion

Based on the foregoing, it is hereby

ORDERED that plaintiff Kenneth Wesley's Motion to Remand (Doc. # 6) is granted. The above-captioned case is remanded to the Circuit Court of Jackson County, Missouri, at Kansas City. The Clerk of this Court is instructed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, at Kansas City. It is further

ORDERED that the teleconference set for Thursday, April 21, 2005, is cancelled.


/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 4-19-05